1  Nicholas J. Bontrager, Esq. (SBN 252114)
    Krohn & Moss, Ltd.
2  5055 Wilshire Blvd, Suite 300
    Los Angeles, CA  90036
3  T: (323) 988-2400; F: (866) 802-0021
    nbontrager@consumerlawcenter.com
4  Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| VITALIY GOFMAN | ) Case No.: |
| | ) |
|        Plaintiff, | ) **VERIFIED COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
|   vs. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**COMPLAINT**

COMES NOW the Plaintiff, VITALIY GOFMAN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NCO FINANCIAL SYSTEMS, INC., alleges and affirmatively states as follows:

**INTRODUCTION**

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

1    promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C.

2    1692(a) – (e)).

3         2.    The California legislature has determined that the banking and credit system and

4    grantors of credit to consumers are dependent upon the collection of just and owing debts and

5    that unfair or deceptive collection practices undermine the public confidence that is essential to

6    the continued functioning of the banking and credit system and sound extensions of credit to

7    consumers. The Legislature has further determined that there is a need to ensure that debt

8    collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights

9    and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

10   (Cal. Civ. Code §1788.1(a) – (b)).

11        3.    Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of

12   NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant"), with regard to attempts by

13   Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by

14   Plaintiff, and this conduct caused Plaintiff damages.

15        4.    For the purposes of this Petition, unless otherwise indicated, "Defendant" includes

16   all agents, employees, officers, members, directors, heirs, successors, assigns, principals,

17   trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

18                              **JURISDICTION AND VENUE**

19        5.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

20   such actions may be brought and heard before "any appropriate United States district court

21   without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental

22   jurisdiction over the state claims contained therein.

23        6.    Because Defendant maintains a business office and conducts business in the state

24   of California, personal jurisdiction is established.

25        7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8.      Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## **PARTIES**

9.      Plaintiff is a natural person who resides in the City of San Francisco, County of San Francisco, State of California, is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Rancho Cordova, County of Sacramento, State of California.

12.     Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

///

///

- 3 -

VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

14.   Defendant has been placing constant and continuous collection calls to Plaintiff; calling several times per day, and often more than ten times per week, seeking and demanding payment for an alleged debt.  (See Exhibit A).

15.   Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy, as well as the amount owed, and to whom that amount was originally owed, within five (5) days after Defendant's initial contact with Plaintiff.

16.   Defendant continuously failed to properly identify itself as a debt collector, and failed to mention that all information sought would be used for that purpose.

17.   On July 7, 2008, Plaintiff retained KROHN & MOSS, LTD. to be his legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18.   Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

19.   Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

a).   Defendant violated the FDCPA § 1692 d(5) when Defendant, through its agents, employees, and/or legal counsel, placed, and continue to place an excessive number of collection calls to Plaintiff, causing his phone to ring continuously, in an obvious attempt to harass him.

b).   Defendant violated the FDCPA §1692 e(11) when Defendant, through its agents, employees, and/or legal counsel, failed to properly identify itself as a debt collector and failed to state that all information sought would be used for that purpose.

- 4 -

c). Defendant violated FDCPA §1692 g(a) when Defendant, through its agents, employees, and/or legal counsel, never mailed an official letter notifying Plaintiff of his rights with respect to the alleged debt owed, who that debt was owed to, and the exact amount owed.

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, fear, and humiliation. (See Exhibit B).

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

21. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

22. Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its agents, employees, and/or legal counsel, placed collection calls where the caller failed to properly identify itself him or herself.

b). Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents, employees, and/or legal counsel, placed an excessive amount of calls to Plaintiff each day, in an obvious attempt to harass him.

c). Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents, employees, and/or legal counsel continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

23. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, fear, and humiliation. (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- 5 -

VERIFIED COMPLAINT

24. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

25. Actual damages.

26. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

27. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

28. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ. Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

29. Any other relief that this court deems to be just and proper.


RESPECTFULLY SUBMITTED,

DATED: September 16, 2008          KROHN & MOSS, LTD.


By: _____

Nicholas J. Bontrager
Attorney for Plaintiff


### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VITALIY GOFMAN, hereby demands trial by jury in this action.

- 6 -

VERIFIED COMPLAINT

1

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

2

3   STATE OF CALIFORNIA)

4          Plaintiff, VITALIY GOFMAN, says as follows:

5

6   1.     I am the Plaintiff in this civil proceeding.
    2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe
7          that all of the facts contained in it are true, to the best of my knowledge, information
           and belief formed after reasonable inquiry.
8   3.     I believe that this civil Complaint is well grounded in fact and warranted by existing
           law or by a good faith argument for the extension, modification or reversal of existing
9          law.
    4.     I believe that this civil Complaint is not interposed for any improper purpose, such as
10         to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
           needless increase in the cost of litigation to any Defendant(s), named in the
11         Complaint.
    5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
12  6.     Each and every exhibit I have provided to my attorneys which has been attached to
           this Complaint is a true and correct copy of the original.
13  7.     Except for clearly indicated redactions made by my attorneys where appropriate, I
           have not altered, changed, modified or fabricated these exhibits, except that some of
14         the attached exhibits may contain some of my own handwritten notations.

15

16         Pursuant to 28 U.S.C. § 1746(2), I, VITALIY GOFMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

17

18   Dated: 9/17/08

19                                         VITALIY GOFMAN,
                                           Plaintiff
20

21

22

23

24

25

- 7 -

**EXHIBIT A**

VERIFIED COMPLAINT

file:///G|/All%20Files-FDC/Open%20Files/Gofman,%20Vitaliy%20v.%20N...elitigation%20Investigation/Email%20RE%20calls%20and%20numbers.txt

Case 2:08-cv-02302-FCD-KJM Document 1 Filed 09/29/08 Page 9 of 12

From: Vitaliy Gofman [gvitalik1@yahoo.com]
Sent: Tuesday, July 15, 2008 10:50 PM
To: Bontrager,Nick
Subject: Re: Gofman, Vitaliy v. Bank of America

Attachments: IMG_0091.jpg; IMG_0092.jpg; IMG_0093.jpg;
IMG_0094.jpg;IMG_0095.jpg; IMG_0096.jpg; IMG_0097.jpg;
IMG_0098.jpg; IMG_0099.jpg;IMG_0100.jpg; IMG_0101.jpg;
IMG_0102.jpg; IMG_0103.jpg; IMG_0104.jpg;IMG_0105.jpg;
IMG_0106.jpg

As far as voicemails: I have calls from NCO 888-899-4784 ref# ek3744 Bank of America 877-640-5433  edt 31274
FSB 8664917864
chase 8003274676 Mark 8006610086 3230
No Name888-899-4784 ext 4523



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT B**

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____

_____

_____

_____

_____

_____

_____

   *Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 9/7/08

_____
Signed Name

_____
VITALIY GOFMAN
Printed Name